UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| _____ ) | | |
| | ) | |
| CATALINA LONDON LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-cv-983 |
| | ) | |
| AMERICAN INVESTMENTS REAL | ) | |
| ESTATE CORP. d/b/a KIBRA | ) | |
| CONSTRUCTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ ) | | |

## MEMORANDUM OPINION

This matter comes before the Court on the Report and
Recommendation of the Magistrate Judge dated August 11, 2011 and
Plaintiff's Motion for Summary Judgment.   Plaintiff Catalina
London Limited ("Catalina") filed a Complaint for Declaratory
Judgment regarding a general liability insurance policy that
Catalina issued to Defendant American Investments Real Estate
Corporation d/b/a/ Kibra Construction ("Kibra").

Catalina is a foreign corporation with a principal place of
business in London, England.   Kibra is a corporation registered
in Virginia with a principal place of business in Vienna,

1

Virginia. Defendants Maggie Luu and Tri Luu are citizens of Virginia who reside in Arlington, Virginia.

Catalina issued a commercial general liability insurance policy ("Policy") through Tapco Underwriters, Inc., to Defendant Kibra in Arlington, Virginia, with coverage dates of July 17, 2002 to July 17, 2003. The Policy obligated Catalina to "pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies." The insurance only applied to bodily injury and property damage caused by an occurrence that took place during the coverage period in the coverage territory.

On February 7, 2003, Kibra entered into a written contract ("Contract") with Maggie and Tri Luu for the remodeling of the Luu's home. The Luus filed a Complaint in the Circuit Court of Arlington County on June 23, 2009 alleging that Kibra breached the Contract and sought damages in the amount of $400,000 plus prejudgment interest. On August 12, 2009, the Luus filed a First Amended Complaint. The First Amended Complaint alleged that Kibra (1) failed to timely complete several items designated by the Contract in a workmanlike manner, (2) issued a check from an account with insufficient funds to Arlington County to secure a building permit, resulting in the issuance of a Stop Work Order by the Arlington County Department of Community Planning Housing and Development, (3) ceased working

2

on the Luus' home and abandoned the remaining projects required

by the Contract, and (4) failed to return the funds that the

Luus advanced to Kibra or otherwise complete the work

contemplated under the Contract.   The Luus served Kibra with the

Complaint on September 8, 2009, and with the First Amended

Complaint on September 14, 2009, through the Virginia State

Corporation Commission.   Kibra did not notify Catalina or its

agents of the filing of the Complaint or First Amended

Complaint, nor did Kibra answer or otherwise respond.   On

October 12, 2009, the Luus moved for default judgment.

Around January 21, 2010, the Luus' counsel notified

Catalina's managing general agent of the lawsuit filed against

Kibra.   Catalina sent a reservation of rights letter on February

12, 2010 to Kibra that disclaimed any duty to provide a defense

or indemnification to Kibra in regard to the Luus' lawsuit.

Catalina also sent a letter notifying the Luus of the

reservation of rights letter sent to Kibra.   On October 22,

2010, the Circuit Court for Arlington County entered default

judgment against Kibra.   Plaintiff filed the instant action

seeking a declaration that (1) it has no duty to defend or

indemnify Kibra Construction in connection with the claims made

by Maggie and Tri Luu arising from the contract between the Luus

and Kibra; and (2) the Luus have no right to compensation under

3

the Policy with respect to the judgment awarded in their favor against Kibra in the Circuit Court of Arlington.

Summary judgment is appropriate when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 requires that summary judgment be entered against a party who does not make a showing "sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court construes inferences drawn from the underlying facts in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Under Virginia law, a court will determine an insurer's obligation to defend an action against the insured by comparing the underlying complaint to the scope of coverage in the policy. Am. Online, Inc. v. St. Paul Mercury Ins. Co., 347 F.3d 89, 93 (4th Cir. 2003). Virginia courts construe insurance policies according to the terms and provisions of the policies and consider them as a whole. Hill v. State Farm Mut. Auto. Ins. Co., 375 S.E.2d 727, 730 (Va. 1989). If the language of the policy is clear, the language is given its plain and ordinary meaning. Seabulk Offshore, Ltd., v. Am. Home Assurance Co., 377

4

F.3d 408, 419 (4th Cir. 2004).  Any ambiguity is construed

strictly against the insurer and in favor of the insured.  Id.

The Policy obligates Catalina to pay sums that Kibra is

legally obligated to pay because of bodily injury or property

damage to which the insurance applies.  However, the insurance

obligation only applies when an occurrence in the coverage

territory caused the bodily injury or property damage[1] during the

coverage period.  The Policy language defines an occurrence as

"an accident, including continuous or repeated exposure to

substantially the same general harmful conditions."

Virginia courts have added to the Policy's definition of an

occurrence as an "accident" by holding that an "occurrence" in

the insurance context is "an incident that was unexpected from

the viewpoint of the insured," Utica Mut. Ins. Co. v. Travelers

Indem. Co., 286 S.E.2d 225, 226 (Va. 1982), or "an event which

creates an effect which is not the natural or probable

consequence of the means employed and is not intended, designed,

or reasonably anticipated," Lynchburg Foundry Co. v. Irvin, 16

S.E.2d 646, 648 (Va. 1941).  Additionally, the Fourth Circuit

has recognized that Virginia courts examine whether the injury

was a reasonably foreseeable result of the insured's actions

---

[1] The Policy defines property damage as "[p]hysical injury to
tangible property, including all resulting loss of use . . . or
[l]oss of use of tangible property that is not physically
injured . . . deemed to occur at the time of the occurrence that
caused it."

when determining whether an incident qualifies as an accident. <u>Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.</u>, 407 F.3d 631, 637 (4th Cir. 2005). In determining foreseeability, the Court examines whether the result was a natural and probable consequence of the insured's action. <u>Id.</u>

In the Luus' First Amended Complaint, they allege that Kibra failed to complete several items required by the Contract in a timely and workmanlike manner. In addition to monetary damages incurred to complete the project and cover temporary living expenses, the Luus allege that their property sustained water damage from Kibra's failure to properly protect the roofless home from the elements upon abandonment. The issue before the Court is thus whether Kibra's abandonment of the project was an occurrence under the Policy.

Kibra's abandonment of its contractual obligations does not qualify as an accident under the Policy or Virginia case law, nor was the resulting property damage unforeseeable. <u>See, e.g.,</u> <u>Hotel Roanoke Conference Ctr. Comm'n v. Cincinnati Ins. Co.</u>, 303 F. Supp. 2d 784, 787 (W.D. Va. 2004) ("Although no other Virginia cases directly address this issue, a wealth of case law from other states supports the conclusion that damages resulting from the insured's defective performance of a contract and limited to the insured's work . . . is not covered by a commercial general liability policy because it is 'expected'

from the standpoint of the insured."); Am. Fire & Cas. Ins. Co
v. Doverspike, 36 Va. Cir. 263 (Va. Cir. Ct. 1995) (finding that
the insurance policy did not cover the homeowners' claims for
breach of contract by non-performance where the policy only
applied to bodily injury and property damage caused by an
occurrence); cf. French v. Assurance Co. of Am., 448 F.3d 693,
703 & n.6 (4th Cir. 2006) (affirming district court's
determination that general contractor's failure to satisfy its
contractual obligation to properly apply the building's exterior
did not result from an accident and was therefore not an
occurrence under the policies at issue, but noting that damage
caused by subcontractor's defective workmanship to surrounding
non-defective components was unforeseeable and therefore
covered). Kibra should have expected monetary damages and
property damage to result from its abandonment of the project
before completion. Thus, there was no accident or occurrence
under the terms of the Policy.

When the language in a policy is clear and unambiguous,
courts will enforce the policy exclusions contained therein.
Monticello Ins. Co. v. Baecher, 477 S.E.2d 490, 491 (Va. 1996).
The Policy excludes from coverage "[b]odily injury or property
damage for which the insured is obligated to pay damages by
reason of the assumption of liability in a contract or
agreement." The agreement between Kibra and the Luus is purely

contractual in nature.  Because Kibra assumed its obligations to perform under the Contract, the liability exclusion in the Policy applies and excludes Kibra's liability for its contractual obligations from Catalina's coverage obligations. Consequently, the Luus cannot recover from Catalina.

Kibra was served the summons and complaint on October 15, 2010, but has not filed any pleadings in response to Plaintiff's Complaint for Declaratory Judgment.  The Clerk entered default as to Defendant on April 13, 2011.  On April 18, 2011, Plaintiff filed an Amended Motion for Entry of Judgment by Default.  Kibra failed to appear at the May 13, 2011 hearing on the motion for default judgment.  The magistrate judge issued a Report and Recommendation on August 11, 2011, and Kibra has not filed any objections in response.  Based on a de novo review of the evidence in this case, the Court adopts the findings and recommendation of the Magistrate Judge.

Catalina's Motion for Summary Judgment should be granted as to Maggie and Tri Luu, and Catalina's Motion for Entry of Judgment by Default should be granted as to American Investments Real Estate Corporation, doing business as Kibra Construction.

An appropriate order shall issue.

_____/s/_____
Claude M. Hilton
United States District Judge

Alexandria, Virginia
August _31_, 2011

8